FILED

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

98 APR 28 PM 3:20

U.S. DISTRICT COURT
N.D. OF ALABAMA

| | |
|---|---|
| TOMMY LEE HORTON, ETC., | } |
| Plaintiff | } |
| vs. | } CIVIL ACTION NO. |
| | } 98-AR-0581-S |
| ALLIANCE MORTGAGE COMPANY, ET AL., | } |
| Defendants | } |
| FLOYDE RAYFORD, ET AL., ETC., | } |
| Plaintiffs | } CIVIL ACTION NO. |
| vs. | } 98-AR-0663-S |
| FAIRBANKS CAPITAL CORPORATION, | } |
| Defendant | } |

ENTERED

APR 28 1998

## MEMORANDUM OPINION

The court has for its consideration motions to remand the above two cases, which are identical in all pertinent respects. The motions can be dealt with in one opinion. Both cases are putative class actions removed to this court from the Circuit Court of Jefferson County. The attorneys in both cases are the same. Defendants invoke the removal jurisdiction of this court under 28 U.S.C. § 1332, asserting in each case not only the complete diversity of citizenship between the respective parties but also that the amount in controversy exceeds $75,000. Defendants make

1

this last assertion despite the representative plaintiffs' categorical disclaimers in their complaint. Plaintiffs concede that the citizenship is diverse, but vehemently deny that the jurisdictional amount exists for any class members by expressly refusing class status to any person who refuses to accept the limitation on the amount in controversy. Plaintiffs point with some pride to the care they have taken to avoid the slightest possibility that any individual class member's claim can ever exceed $74,000. In identical amendments to their complaints, filed with leave of court, the would-be class representatives reinforce a carefully described class of persons, each of whom is willing to disclaim any and all sums in excess of $74,000.

The complaint is obviously designed to avoid the trap in which the class was caught in *Tapscott v. MS Dealer Service Corp.*, 77 F.3d 1353 (11th Cir. 1996), the most discussed Eleventh Circuit class action removal case. Although *Tapscott* can snare the unwary class counsel, that case makes certain expressions that are helpful to these plaintiffs, who have nothing to be ashamed of as they seek to maintain their respective cases in the forums they chose. One principle enunciated in *Tapscott* is, "a plaintiff is ... master of her own claim." 77 F.3d at 1356. The other controlling principle is, "A removing defendant has the burden of proving the existence of federal jurisdiction." *Id*. In their amended complaints, plaintiffs have clearly and unequivocally described a class of

2

persons, each of whom, by joining the class, automatically gives up his individual claim to the extent it might, without such a disclaimer, exceed $74,000; each of whom seeks no injunctive relief whatsoever; each of whom seeks no punitive damages whatsoever; and each of whom renounces any claim for attorneys fees other than what may be carved out of any compensatory damages he is awarded. Hypothetically, if a class of 500 persons were eventually certified, and if the aggregate compensatory damages awarded the class were $5,000,000 or $10,000 apiece, then any attorneys fees for plaintiffs' counsel would have to come out of the moneys recovered for the individual class members.

The fact that plaintiffs have eliminated their claim for injunctive relief has, of course, obviated defendants' interesting argument about the meaning of *Ericsson GE Mobile Communications v. Motorola Communications & Electronics*, 120 F.3d 216, *reh'g denied*, 130 F.3d 446 (11th Cir. 1997), a case with which this court is all too familiar. Moreover, plaintiffs' initial, deliberate failure to request punitive damages avoided *Tapscott* entirely, except for defendants' argument that attorneys fees are analogous to jointly recovered punitive damages, upon which *Tapscott* found the jurisdictional amount to exist. This analogy does not hold. Although plaintiffs' possible attorneys fees are recoverable jointly, just as punitive damages would be, they are payable only from monies recovered by individual class members whose claims, <u>including</u> his

3

or her share of the attorneys fee, are limited to $74,000. Plaintiffs have removed all possible ambiguities on this question. As the masters of their jurisdictional fate, they have chiseled a complaint as precise as Michelangelo's David and have sanded off any rough spots on their piece of legal art work, just as that Old World master would do.

Under the circumstances, defendants have not met, and cannot meet, their burden of overcoming the presumption against federal removal jurisdiction, a presumption that exists by virtue of the fact that federal courts are courts of limited jurisdiction. Except for certain specialized federal causes of action, the design of the federal system is to make the state courts the primary forum.

Because this court is in complete agreement with Magistrate Judge T. Michael Putnam's opinion of March 31, 1998, in *George S. Patterson, et al., etc. v. Time Warner Operations, Inc., et al.*, CV 97-TMP-2915-S, this court will not try to improve on what Judge Putnam there said. Therefore, this court hereby adopts the following portion of Judge Putnam's opinion as rendered in a markedly similar case:

> Finally, in passing, the court will address whether attorneys' fees from a common fund can establish the jurisdictional amount in controversy. Defendants argue that if the plaintiff class recovers, their attorneys stand to receive a fee out of the recovery far in excess of the $75,000 jurisdictional minimum, which is a "common and undivided interest" of the entire class, like punitive damages. They have cited recent decisions by Judges Blackburn and Pointer

holding that the possibility of an attorneys' fee collected by class counsel out of the common recovery of the class is enough to meet the amount in controversy requirement.[14] The undersigned is unpersuaded by these decisions that a <u>common-fund</u> attorneys' fee has any relevance to the amount in controversy requirement.

This court believes that these decisions misconstrue a common-fund attorneys' fee as a form of relief comparable to punitive damages. Unlike an attorneys' fee awarded to a party and payable by the other party under a fee-shifting statute or contract provision,[15] a fee taken from the common-fund of the class recovery is not a separate and distinct form of relief comparable to punitive or compensatory damages, or even an injunction. Once the common fund of the class recovery is established from compensatory and, perhaps, punitive damages, class counsel's fee is <u>deducted</u> from it. It is the plaintiff class, not the defendant, that pays the common-fund attorneys' fee. Because the defendant does not pay the fee, it is not a part of the "controversy" between the parties, any more so than the contingency fees collected by counsel in individual tort cases.

Nothing in *Tapscott* suggests that an attorneys' fee taken from the common recovery of the class, as distinct from an attorney's [sic] fee the defendant is ordered to pay, is a form of relief controverted between the parties. To allow the defendant to remove a case on the contention that the <u>plaintiffs</u> will have to pay their own attorneys more than $75,000 in fees is to allow the defendant to remove the case on the basis of something it is not a party to. Whether the common-fund of damages obtained by the plaintiffs will be reduced to pay their attorneys has no impact whatsoever on the defendant. Paraphrasing *Tapscott*, it is true the defendant is disinterested in the distribution of the fee, but only because it is not having to pay it.[16]

Furthermore, to conclude that a common-fund attorneys' fee can be the basis for meeting the jurisdictional amount in controversy is to conclude that virtually <u>all</u> class actions are removable to federal court. Almost all class actions involve the possibility that class counsel will receive a fee greater than $75,000, in most cases paid by counsel's client, the plaintiff class, not the defendant. Holding that the jurisdictional amount in controversy is met if class counsel is entitled to a "cut" of his clients' recovery, is a great and unwarranted expansion of removal jurisdiction, not supported by *Tapscott*.

*Patterson*, Mem. Op. and Order at 12-15 (emphasis in original).

---

[14] See letter of John E. Goodman, dated March 20, 1998, to which is attached copies of opinions in *Culverson v. General Motors Acceptance Corporation*, CV-96-B-331-J; *Davis v. Carl Cannon Chevrolet-Olds*, CV-97-P-2889-J; and *Nelson v. Carnival Cruise Lines*, CV-97-P-2513-W.

[15] Compare *Howard v. Globe Life Insurance Co.*, 973 F. Supp. 1412, 1420 (N.D.Fla. 1996), which involved a Florida statute that shifted the plaintiff class's attorneys' fee to the defendant as a form of relief. An attorneys' fee awarded under a fee-shifting provision <u>is</u> a distinct form of relief sought by the plaintiff class against the defendant and which, certainly, is in controversy between them. Thus, while an attorneys' fee awarded as a form of relief against the defendant might well be a basis for meeting the "amount in controversy" requirement, a fee from a common fund is not.

[16] Again, the court distinguishes between a common-fund fee and an attorneys' fee paid by the defendant under a fee-shifting provision.

## Conclusion

In the final analysis, defendants are saying that, unless the putative class counsel forswears the possibility of his recovering attorneys fees in excess of $75,000 from the fruits of his labor and his hoped-for fund of ill-gotten gains obtained for the class members as their private attorney general, <u>all</u> class actions are removable where diversity of citizenship exists. This court does not believe 28 U.S.C. § 1332 creates subject matter jurisdiction in this court so easily.

Separate orders of remand will be entered.

DONE this 28 day of April, 1998.

_____
WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE

[14] See letter of John E. Goodman, dated March 20, 1998, to which is attached copies of opinions in *Culverson v. General Motors Acceptance Corporation*, CV-96-B-331-J; *Davis v. Carl Cannon Chevrolet-Olds*, CV-97-P-2889-J; and *Nelson v. Carnival Cruise Lines*, CV-97-P-2513-W.

[15] Compare *Howard v. Globe Life Insurance Co.*, 973 F. Supp. 1412, 1420 (N.D.Fla. 1996), which involved a Florida statute that shifted the plaintiff class's attorneys' fee to the defendant as a form of relief. An attorneys' fee awarded under a fee-shifting provision <u>is</u> a distinct form of relief sought by the plaintiff class against the defendant and which, certainly, is in controversy between them. Thus, while an attorneys' fee awarded as a form of relief against the defendant might well be a basis for meeting the "amount in controversy" requirement, a fee from a common fund is not.

[16] Again, the court distinguishes between a common-fund fee and an attorneys' fee paid by the defendant under a fee-shifting provision.

## Conclusion

In the final analysis, defendants are saying that, unless the putative class counsel forswears the possibility of his recovering attorneys fees in excess of $75,000 from the fruits of his labor and his hoped-for fund of ill-gotten gains obtained for the class members as their private attorney general, <u>all</u> class actions are removable where diversity of citizenship exists. This court does not believe 28 U.S.C. § 1332 creates subject matter jurisdiction in this court so easily.

Separate orders of remand will be entered.

DONE this 28 day of April, 1998.

_____
WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE

FILED

```
             IN THE UNITED STATES DISTRICT COURT
             FOR THE NORTHERN DISTRICT OF ALABAMA
                        SOUTHERN DIVISION
```

98 APR 28 PM 3: 20

U.S. DISTRICT COURT
N.D. OF ALABAMA

```
FLOYDE RAYFORD, ET AL., ETC., }
                              }
      Plaintiffs              }   CIVIL ACTION NO.
                              }
      vs.                     }   98-AR-0663-S
                              }
FAIRBANKS CAPITAL CORPORATION,}
                              }
      Defendant               }
```

ENTERED

APR 28 1998

## ORDER OF REMAND

In accordance with the accompanying memorandum opinion, this court finds that the above-entitled case was removed improvidently and that this court is without jurisdiction. It is therefore ORDERED, ADJUDGED and DECREED, pursuant to 28 U.S.C. § 1447(c), that this case be and it is hereby REMANDED to the Circuit Court of Jefferson County, Alabama, from whence it was removed. The Clerk is directed to send a certified copy of this order to the Clerk of the Circuit Court of Jefferson County, Alabama, together with a copy of all pleadings and orders filed after the removal.

Costs are taxed against the removing party.

DONE this __28th__ day of April, 1998.

_____
WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE